# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND NORTHERN DIVISION

| | |
|---|---|
| EZIZ KURBANOV, A# 214 225 307,<br><br>  2452 Churchill Rd<br>  Hillsville, PA 16132<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Serve:  Office of the General Counsel<br>            Department of Homeland Security<br>            Mail Stop 3650<br>            Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>            Services<br>            1 Capital Gateway Drive<br>            Camp Springs, MD 20746<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security,<br><br>Serve:  Office of the General Counsel<br>            Department of Homeland Security<br>            Mail Stop 3650<br>            Washington, D.C. 20528<br><br>TRACY RENAUD, Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration<br>            Services | Case No. 1:21-cv-1287 |

1

      1 Capital Gateway Drive
      Camp Springs, MD 20746

and,

VALERIE TOBIAS, Director of the Pittsburgh Field Office of the United States Citizenship and Immigration Services,

Serve:  Valerie Tobias
         USCIS
         777, Penn Center East, Building 7, Penn Center Blvd
         Pittsburgh, PA 15235

  Defendants.

### COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S PETITION TO REMOVE CONDITIONS

Plaintiff Eziz Kurbanov respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application for removal of conditions on their lawful permanent resident status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application.

### PARTIES

1. Plaintiff Eziz Kurbanov is a citizen of Turkmenistan.

2. Eziz Kurbanov is married to a U.S. citizen named Kasaundra Bateman.

3. Eziz Kurbanov resides in Hillsville, PA.

4. Eziz Kurbanov filed an I-751 Petition for Removal of Conditions on Residence on or about January 25, 2019.  Defendants assigned Receipt Number EAC1990052920 to Plaintiff's case.

5. USCIS completed the fingerprinting and photographing of Eziz Kurbanov as part of the processing of the pending applications.

6. On October 27, 2020, USCIS cancelled Eziz Kurbanov's I-751 interview. Since then, it has not been rescheduled.

7. Defendants have taken no action on the pending I-751 application. The Defendants have refused and continue to refuse to conduct an interview on the case.

8. Since Eziz Kurbanov filed the application with USCIS, Plaintiff has made repeated requests to have their case finally adjudicated.

9. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Eziz Kurbanov's application to remove conditions has remained pending far longer than is reasonable.

10. USCIS has refused to adjudicate Eziz Kurbanov's application in accordance with applicable legal criteria.

11. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending applications as required by law.

12. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the USCIS with background and security checks.

13. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing I-751 applications.

14. Defendant Alejandro Mayorkas, the Secretary of the DHS, is the highest ranking official within the DHS.  Mayorkas, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the

Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Mayorkas is sued in an official capacity as an agent of the government of the United States.

15. Defendant Tracy Renaud, Senior Official Performing the Duties of the Director of the USCIS, is the highest ranking official within the USCIS. Renaud is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Renaud is sued in an official capacity as an agent of the government of the United States.

16. Defendant Valerie Tobias is the Director of the USCIS Pittsburgh Field Office and is sued only in an official capacity, as well as any successors and assigns. The Pittsburgh Field Office has jurisdiction over I-751 applications for immigrants in Hillsville , PA, where Plaintiff resides. Tobias is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Valerie Tobias is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

17. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

18. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
(Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiff alleges and state as follows:

19. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

20. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

21. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

22. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the I-751 application.

23. The combined delay and failure to act on Eziz Kurbanov's I-751 application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

24. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

25. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

26. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

27. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

28. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

29. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Eziz Kurbanov requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Eziz Kurbanov's application to remove conditions on their lawful permanent resident status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Eziz Kurbanov's application to remove conditions on their lawful permanent resident status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Eziz Kurbanov;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may

take to accelerate processing of the application to remove conditions on their lawful permanent resident status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**May 24, 2021**


***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**EZIZ KURBANOV**
